STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

September 29, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CAROLYN S. BURKHAMER,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0521** (BOR Appeal No. 2047855)
                    (Claim No. 920050085)

**A T & T CORPORATION,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Carolyn S. Burkhamer, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. A T & T Corporation, by James W. Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 25, 2013, in which the Board modified an October 24, 2012, Order of the Workers' Compensation Office of Judges and instead authorized travel reimbursement once a week from January 23, 2012, to March 30, 2012. In its Order, the Office of Judges reversed the claims administrator's May 10, 2012, decision which denied travel reimbursement to pick up medications for the period from January 23, 2012, to March 30, 2012, and instead authorized travel reimbursement for the requested time period. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Burkhamer, a telephone operator, was injured in the course of her employment on April 6, 1992, when she was electrocuted. She takes nearly thirty different medications and travels from her home in Duck, West Virginia to Charleston, West Virginia, in order to pick up her prescriptions. On January 19, 2012, the claims administrator sent Ms. Burkhamer a letter stating that there had been an excessive amount of trips to pick up medication. The trips were

1

often a day or two apart. In the letter, the claims administrator authorized reimbursement for previous trips but stated that she needed to arrange to pickup her medications up once a month. The claims administrator also stated that if she needed assistance organizing the pickup, it would provide it. The claims administrator further offered to set up a mail order pharmacy program. Ms. Burkhamer continued to travel to Charleston on a nearly bi-weekly basis. In a decision dated March 10, 2012, the claims administrator denied travel reimbursement to pick up medications for the period from January 23, 2012, to March 30, 2012.

The Office of Judges reversed the claims administrator's decision and authorized travel reimbursement in its October 24, 2012, Order. It noted that A T & T Corporation argued that Ms. Burkhamer traveled 3,768 miles in twenty-four trips to pick up medications during the requested time period for a total cost of $1695.60. Had she filled her prescriptions in Gassaway, West Virginia, her expenses would have been approximately $415. The Office of Judges also noted that Ms. Burkhamer travels 157 miles, round-trip, in order to pick up her medications. She asserted in a letter that the claims administrator chose for her to receive her medications in Charleston. She also stated that she was informed that mail delivery was available; however, she has had problems in the past with mail being taken from her rural mail box. Further, she denied receiving the January 19, 2012, letter in which the claims administrator instructed her to arrange to pick up her medications once a month. She argued that some of her medications are narcotics and cannot be filled early, therefore making it difficult to pick up all prescriptions at once. As for A T & T Corporation's contention that there is a pharmacy twenty miles from her home, she stated that it incorrectly plotted her address on a map and that she lives farther away. The Office of Judges therefore found that Ms. Burkhamer was entitled to reimbursement for her travel expenses during the requested time period.

The Board of Review modified the Office of Judges' Order in its April 25, 2013, decision to allow Ms. Burkhamer reimbursement once a week for the requested time period for a total of ten trips. The Board of Review found that Ms. Burkhamer traveled an excessive and unreasonable number of times during the time period. It noted that she takes numerous medications and there are possible problems obtaining them. However, it also found that A T & T Corporation has asserted its willingness to assist her in organizing her medications to be picked up once a month. This Court agrees with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  September 29, 2014**

2

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II